IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **ADRIAN OSWALDO CONTRERAS (06)**, <br><br> Defendant. | Case No. 17-20038-06-DDC |

**MEMORANDUM AND ORDER**

Defendant Adrian Oswaldo Contreras has filed a pro se[1] Motion to Reduce his sentence under Amendment 821 to § 4A1.1 of the United States Sentencing Guidelines.  Doc. 1071.  The government filed a Response.  Doc. 1072.  The court lacks jurisdiction and dismisses Mr. Contreras's motion for the following reasons.  The court also denies Mr. Contreras's request that the court appoint him counsel.

**I.      Background**

On October 26, 2022, Mr. Contreras entered a guilty plea (Doc. 1035) to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, violating 21 U.S.C. § 846.  On January 17, 2023, a federal probation officer prepared a Presentence Investigation Report (PSR).  Doc. 1043.  Based on the quantity of drugs, 0.91 kilograms of methamphetamine mixture, the PSR determined that Mr. Contreras had a base offense level of

---

[1]     Because defendant proceeds pro se, the court construes his filings liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance.  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

34. *Id.* at 18 (PSR ¶ 60). The PSR added two points because the methamphetamine was imported. *Id.* (PSR ¶ 61). The PSR deducted three points because Mr. Contreras accepted responsibility and timely notified authorities of his intent to enter a plea. *Id.* at 18–19 (PSR ¶¶ 67–68). Based on the 2021 Guidelines Manual, Mr. Contreras had a total offense level of 33. *Id.* at 19 (PSR ¶ 69).

Mr. Contreras's criminal history produced 11 criminal history points, establishing a criminal history category of V. *Id.* at 22 (PSR ¶¶ 83–85). The relevant statutes, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), require a minimum imprisonment of 10 years if a defendant is found guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. "Based upon a total offense level of 33 and a criminal history category of V, the guideline imprisonment range [was] 210 months to 262 months." *Id.* at 25 (PSR ¶ 108). The parties' binding plea agreement recommended a sentence below the advisory guideline range: 120 months and five years of supervised release. Doc. 1035 at 4 (Plea Agreement). On February 2, 2023, the court sentenced Mr. Contreras to imprisonment for 120 months and five years of supervised release. Doc. 1048 at 2–3.

Mr. Contreras asserts that Amendment 821 to § 4A1.1 of the United States Sentencing Guidelines applies to his February 2023 sentence and reduces his criminal history points. Doc. 1071 at 2. The court addresses Mr. Contreras's motion, but first, recites the governing legal standard.

II.       **Legal Standard**

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

>    (1) on motion of the Director of the Bureau of Prisons if special circumstances exist;
>
>    (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
>    (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Mr. Contreras asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range.  Doc. 1071.

Effective November 1, 2023, Part A of Amendment 821 limits the effect of criminal history points, or "status points."  U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023).  The amendment replaced § 4A1.1(d), which had required a two-point increase for offenses committed while defendant served a criminal justice sentence, with a modified § 4A1.1(e), which requires a one-point increase if defendant received seven or more points in previous subsections and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.* !!!

**III.    Analysis**

Here, Mr. Contreras received nine criminal history points.  The PSR added two additional points because Mr. Contreras committed the instant offense while under a criminal justice sentence, bringing Mr. Contreras's total criminal history points to 11.  Under Amendment 821, Mr. Contreras would receive just one point for committing the offense while under a criminal justice sentence, resulting in a total criminal history of 10.  But this new score doesn't change Mr. Contreras's sentencing range.  A criminal history score of 10 or 11 both place Mr. Contreras

in criminal history category V.  In short, Amendment 821 to § 4A1.1 doesn't reduce to Mr. Contreras's sentence.

Because Mr. Contreras's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2).  The court thus lacks jurisdiction and must dismiss Mr. Contreras's motion (Doc. 1071).  *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *see also United States v. Linthicum*, No. 16-10024, 2024 WL 1579785, at *1 (D. Kan. Apr. 11, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant's criminal history points decreased but his criminal history category remained unchanged).

Mr. Contreras's motion also asks the court to appoint him counsel for his Amendment 821 request.  Doc. 1071 at 2.  "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]"  *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  Our court appointed the office of the Federal Public Defender to help eligible defendants seek relief under Amendment 821.  *See* D. Kan. S.O. 23-03.  The court forwarded Mr. Contreras's motion to the FPD, Doc. 1073, and the FPD declined to enter an appearance.  Doc. 1074.  The court, in its discretion, denies Mr. Contreras's request for counsel.

4

IV.     Conclusion

The court is without jurisdiction to consider Mr. Contreras's current motion.  Thus, the court dismisses Mr. Contreras's motion for lack of jurisdiction.  The court also denies his request to appoint counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Contreras's Motion to Reduce Sentence (Doc. 1071) is dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** Mr. Contreras's request for appointment of counsel is denied.

**IT IS SO ORDERED.**

**Dated this 17th day of July, 2024, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
